NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1968
_____

GREG JOHNSON,
Appellant

v.

DARRELL WIREMAN; MORRIS L. HOUSER; JAMES ECKARD;
ULRICH KLEMM; SHAWN KEPHART; TABB BICKELL; DEPARTMENT OF
CORRECTIONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cv-02254)
Magistrate Judge: Honorable Joseph F. Saporito, Junior
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2019

Before: RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: May 4, 2020)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

While an inmate at Pennsylvania's State Correctional Institute at Huntingdon,

Greg Johnson filed three grievances asserting that his religious rights were being

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

violated. Failing to obtain relief, he sued under 42 U.S.C. § 1983.[1] The District Court dismissed Johnson's claims because it concluded that he did not exhaust administrative remedies. The court was correct regarding Johnson's first two grievances, but incorrect regarding his third. In addition, it erred in dismissing the claims against Defendants Houser and Eckard on the basis of lack of personal involvement. Therefore, we will affirm in part and vacate and remand in part.[2]

Under the Prison Litigation Reform Act, a prisoner's complaint asserting claims based on prison conditions will be dismissed unless the prisoner has properly exhausted administrative remedies—that is, has "us[ed] all steps that the agency holds out, and [done] so *properly* (so that the agency addresses the issues on the merits)."[3]

Johnson filed Grievance 523688 in August 2014. The grievance was denied, and on appeal, Johnson was directed to provide a copy of his "*first* appeal to [the] Facility Manager."[4] According to Johnson, the document does not exist. The record on this point is convoluted. For instance, Johnson stated during the grievance process that he "appealed" to the Facility Manager,[5] but later said that he had actually tried to solve the problem using the form for making requests of staff members. The District

---

[1] Johnson also brought claims under other federal statutes; he does not appeal the dismissal of those claims.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. "We review the determination of a failure to exhaust de novo . . . . We accept the [District] Court's factual conclusions unless clearly erroneous . . . ." *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) (internal citations omitted).

[3] *Rinaldi v. United States*, 904 F.3d 257, 270-71 (3d Cir. 2018) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)); *see also* 42 U.S.C. § 1997e(a).

[4] JA242.

[5] JA239.

Court found that "Johnson failed to submit the required documentation."[6] This factual finding was not clearly erroneous,[7] so we decline to disturb it. The District Court did not err in ruling that Johnson failed to exhaust administrative remedies for Grievance 523688.

Johnson filed Grievance 543097 in December 2014. He requested "immediate accommodation of my religious practice" and "whatever relief may be available under law."[8] Johnson has been released, so the request for accommodation is moot.[9] Thus, the question is whether his remaining request—for "whatever relief may be available under law"—properly exhausts his claim for monetary relief. The prison's policies[10] instruct that an inmate who wants compensation "must"[11] or "should"[12] request it in the initial grievance. "Must," of course, indicates something mandatory. "[S]hould" means "to the extent practicable."[13] Johnson specifically requested money damages in his other two grievances (one he wrote himself and one his attorney wrote). Clearly, it was practicable to request such relief. Because Johnson failed to do so in Grievance 543097, he did not properly exhaust his claim for money damages.

---

[6] *Johnson v. Wireman*, No. 15-cv-02254, 2019 WL 1383575, at *15 (M.D. Pa. Mar. 27, 2019) (citing DOC policies).
[7] *See Small*, 728 F.3d at 268.
[8] JA247.
[9] *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).
[10] *Small*, 728 F.3d at 272 ("[P]risoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.") (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks omitted)).
[11] JA298 (DC-ADM 804, Inmate Grievance System Procedures Manual, eff. May 1, 2014), 347 (same, eff. May 1, 2015).
[12] JA266 (Department of Corrections Inmate Handbook, 2008-2009 ed.).
[13] *See Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004).

Johnson filed Grievance 586036 in September 2015. The Grievance Coordinator rejected it because "[t]he issue(s) . . . ha[d] been reviewed . . . in prior grievance[s] 523688 and 543097."[14] Johnson did not appeal, but he still properly exhausted the claim because "[u]nder the PLRA, a prisoner need exhaust only 'available' administrative remedies."[15] Appeal was not an available remedy once he was told that the issues had previously been decided because, as prison policy states, "[a]ny grievance issue . . . that has been previously addressed will not be addressed in a subsequent grievance review."[16] Therefore, we will vacate the District Court's order insofar as it dismissed the claims based on Grievance 586036 for lack of exhaustion.[17]

Finally, the District Court erred in dismissing the claims against Houser and Eckard on the basis that they were not personally involved in the alleged civil rights violations.[18] "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."[19] Johnson has done so. He alleged that Houser and Eckard each "sought to cause [him] to switch his religious practice" by advising

---

[14] JA261.

[15] *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (quoting 42 U.S.C. § 1997e(a)).

[16] JA273 (DC-ADM 804, Inmate Grievance System Procedures Manual, eff. Dec. 8, 2010); *see also* JA299 (same, eff. May 1, 2014), 347 (same, eff. May 1, 2015).

[17] When the Grievance Coordinator denied Grievance 586036 because the issues (December fast and ongoing halal diet) had already been reviewed, she did not determine that the two prior grievances were properly exhausted. Whether the prison had reviewed the issues is a separate matter from whether Johnson followed the steps to properly exhaust the prior grievances.

[18] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) ("[A] plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[19] *Id.*

him to observe the fasting practice of a different religion.[20] He also alleged that Eckard strictly enforced food regulations, making it impossible for him to fast, and that Chaplain Wireman "oppose[d] accommodation of Johnson's . . . religious exercises . . . after consultations and correspondence with . . . Houser [and] Eckard."[21] Therefore, we will vacate the dismissal of the claims against Houser and Eckard.

On this record, however, it is unclear whether Grievance 586036, which does not name Houser or Eckard, exhausts Johnson's claims against them. Johnson complained of Chaplain Wireman's conduct and that of "any prison officials who instructed [him] to refuse to process my request . . . even though I do not know their names at present."[22] The District Court should determine on remand whether Grievance 586036 exhausts the claims against Houser and Eckard. This may require further record development or argument about whether a grievance that describes an official, but states that his name is unknown, exhausts a claim against him.

For the foregoing reasons, we will affirm in part and vacate and remand in part.

---

[20] JA82-83. This encouragement was in Houser and Eckard's written responses to Johnson's grievances. However, Johnson does not merely allege that Houser and Eckard denied the grievances, which would amount to an impermissible *respondeat superior* theory of liability. *See Chavarriaga*, 806 F.3d at 222-23. Rather, the alleged violations include "Coercion To Change Religious Practice," JA82, and other similar violations. *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003), *as amended* (May 29, 2003) (chaplain was personally involved where his written response to grievance appeal stated inmate's religious texts were not religious).
[21] JA90.
[22] JA260.